**AFFIRMED and Opinion Filed August 25, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-01059-CV

### KOFI OBENG AND OBENSTAR, LLC, Appellants
### V.
### COPART, INC., COPART OF TEXAS, INC., AND COPART OF HOUSTON, INC., Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-02553-B**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Appellants Kofi Obeng and Obenstar, LLC appeal a take-nothing summary judgment in favor of appellees Copart, Inc., Copart of Texas, Inc., and Copart of Houston, Inc. (collectively "Copart"). In four issues, appellants contend the trial court erred in granting both no-evidence and traditional summary judgment on their claims for violations of the Texas Deceptive Trade Practices Act and for fraudulent inducement. Because appellants did not produce any summary judgment evidence in response to the no-evidence motion on those claims, we affirm the trial court's judgment.

BACKGROUND

This case involves a vehicle Obenstar, LLC purchased from Copart. Copart is a company that conducts member-only online vehicle auctions. As a condition of membership and in order to place a bid on a vehicle on Copart's auction website, Copart's members are required to acknowledge that they have read and understood Copart's Member Terms and Conditions and agree to be bound by them. The Terms and Conditions include a lengthy disclaimer regarding vehicle condition which provides in part: "Except as otherwise expressly provided by applicable law, all vehicles sold through Copart are sold **'AS-IS WHERE-IS,' WITHOUT ANY WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE OR MERCHANTABILITY."** Copart also expressly disclaims the accuracy or completeness of any and all information provided to members regarding vehicles.

Kofi Obeng became a Copart member and accepted the Terms and Conditions on December 9, 2015, and again two months later. Then, in March 2016, Obeng changed his membership name to Obenstar, LLC and accepted the Terms and Conditions a third time. In July 2016, Obenstar bid on a 2016 BMW at a Copart online auction. A copy of the listing showed the car's "Primary Damage" was "water/flood"; its "Drivability Rating" was "Non-Starts," meaning that the car did not consistently start; and it had a "Salvage Title – Flood Damage." Obenstar won the auction with a bid of $11,100. Over the next month, Obeng, acting for Obenstar,

–2–

contacted Copart several times seeking a refund, and each time Copart declined. Initially, he sought a refund because "he allegedly could not take [the car] at that time." Later, he voiced dissatisfaction with the time it took to deliver the vehicle and its condition. When the vehicle was delivered to Obeng, he refused to accept it.

In May 2018, appellants filed suit against Copart seeking rescission of the contract and also asserting a claim for intentional infliction of emotional distress. A few months later, the trial court allowed appellants' counsel to withdraw. New counsel for appellants did not make an appearance until April 2020. In August 2019, Copart filed a traditional and no-evidence motion for summary judgment. No response was filed. At a hearing on the motion, the court did not take up the merits of summary judgment as to Obenstar, LLC because it did not have counsel. The court granted summary judgment in favor of Copart on Obeng's claims.

In March 2020, Copart filed a "First Supplemental Traditional and No-Evidence Motion for Summary Judgment" seeking summary judgment on Obenstar's claims. On April 21, 2020, appellants, now represented by counsel, filed an amended petition. The amended petition added the claims that are at issue in this appeal—fraud in the inducement and violations of the DTPA. Appellants alleged that after purchase, they discovered "severe additional problems with the Vehicle" that Copart did not disclose. Appellants also alleged they were unable to discover issues with the car's title due to misleading information Copart provided about damage to the car. Appellants alleged Copart engaged in various false, misleading,

or deceptive acts or practices in violation of the DTPA. In support of their fraudulent inducement claim, appellants alleged Copart made material representations, with knowledge of their falsity or lack of knowledge of their truth, with the intent that appellants enter into an agreement which they otherwise would not have entered.

On April 27, 2020, appellants filed a response to the first supplemental summary judgment motion. That same day, six days after appellants filed their amended petition, Copart filed a "Second Supplemental Traditional and No-Evidence Motion for Summary Judgment" which addressed the new claims. In addition to seeking traditional summary judgment based on the "As-Is" provisions of the Terms and Conditions, Copart also sought a no-evidence summary judgment on both new claims. Copart argued appellants had no evidence of the following elements of a DTPA claim: (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, (3) these acts constituted a producing cause of the consumer's damages, and (4) reliance by the plaintiff to his detriment. *See Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *Cianfichi v. White House Motor Hotel*, 921 S.W.2d 441, 443 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (reliance may be factor in deciding whether conduct was producing cause); *see also* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.50(a). As to the fraudulent inducement claim, Copart argued appellants had no evidence of the following elements: (1) a material misrepresentation, (2) made with knowledge of its falsity or asserted without knowledge of its truth, (3) made with the intention

–4–

that it should be acted on by the other party, (4) which the other party relied on, and (5) which caused injury. *See Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018).

On May 18, 2020, twenty-one days after Copart filed its second supplemental motion for summary judgment, the trial court held a hearing that had been scheduled for the first supplemental summary judgment motion and other motions. Appellants had not filed any response to the second supplemental summary judgment motion and never did. The trial court discussed taking up both the first and second supplemental motions at the hearing and noted it was the twenty-first day after the second supplemental motion was filed. *See* TEX. R. CIV. P. 166a(c) ("the motion . . . shall be filed and served at least twenty-one days before the time specified for hearing"). The trial court asked counsel for appellants if he had any procedural objection to "moving forward on the motion for summary judgment." Counsel did not voice any objection. He stated that "the whole thing hinges on how the Court is going to rule in regards to their as-is provision" and indicated he was prepared to go forward on "that main issue." The court heard the parties' arguments. In a final summary judgment issued three months later, the trial court granted Copart's First Supplemental Traditional and No-Evidence Motion for Summary Judgment and its Second Supplemental Traditional and No-Evidence Motion for Summary Judgment and rendered a take-nothing judgment on appellants' claims. The trial court later denied appellants' motion for new trial, and this appeal followed. On appeal,

appellants challenge the trial court's summary judgment only on the claims for fraud in the inducement and DTPA violations.

## ANALYSIS

In their first and second issues, appellants challenge the no-evidence summary judgment. They argue there is evidence to support the challenged elements of their DTPA and fraudulent inducement claims. Although Copart sought summary judgment on these claims in its second supplemental motion for summary judgment, appellants direct the Court to evidence they attached to their response to the first supplemental motion for summary judgment.

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When, as in this case, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Further, where the trial court grants a summary judgment on traditional and no-evidence grounds, the appellate court generally addresses the no-evidence grounds first. *See B.C. v. Steak N Shake Operations*, 598 S.W.3d 256, 260–61 (Tex. 2020). When a motion is presented under rule 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's claims upon which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence raising a genuine fact issue entitling the nonmovant to

trial. *Jinright v. N. Tex. Mun. Water Dist.*, No. 05-21-00027-CV, 2022 WL 2302167, at *4 (Tex. App.—Dallas June 27, 2022, no pet.) (mem. op.). The court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

Copart's second supplemental motion for summary judgment was sufficient to invoke rule 166a(i)'s requirement that appellants come forward with sufficient evidence to raise a genuine issue of material fact on each of the challenged elements of the DTPA and fraudulent inducement claims. *See Jenkins v. Stewart Title Co.*, No. 05-12-00685-CV, 2013 WL 3487741, at *2 (Tex. App.—Dallas July 10, 2013, no pet.) (mem. op.). Appellants did not file any response to that motion. While they direct this Court to evidence attached to their response to the first supplemental motion for summary judgment, that motion did not seek summary judgment on the DTPA and fraudulent inducement claims as those claims had not yet been pleaded. Appellants did not produce any evidence to the trial court in support of their DTPA and fraudulent inducement claims. As such, the trial court was required to grant Copart's no-evidence motion as to those claims. *See* TEX. R. CIV. P. 166a(i). We overrule appellants' first and second issues. We need not reach appellants' third and fourth issues, which challenge the traditional summary judgment.

For the foregoing reasons, we affirm the trial court's judgment.


  /Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


201059F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KOFI OBENG AND OBENSTAR, LLC, Appellants

No. 05-20-01059-CV     V.

COPART, INC., COPART OF TEXAS, INC., AND COPART OF HOUSTON, INC., Appellees

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-18-02553-B.
Opinion delivered by Justice Reichek. Justices Molberg and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees COPART, INC., COPART OF TEXAS, INC., AND COPART OF HOUSTON, INC. recover their costs of this appeal from appellants KOFI OBENG AND OBENSTAR, LLC.

Judgment entered August 25, 2022